NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILIAM R. THOMPSON,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF NEWARK,<br><br>      Defendant. | Civ. No.  08-1948 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

WILLIAM R. THOMPSON
P.O. Box 419
Montclair, NJ 07042

 *Pro Se Plaintiff*

JULIEN X. NEALS
CORPORATION COUNSEL, CITY OF NEWARK
by:  John B. Nance, Esq., Assistant Corporation Counsel
Newark City Hall
920 Broad Street, Room 316
Newark, NJ 07102

 *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

   This matter arises out of the May 29, 2007 arrest of Plaintiff by a member of the Newark Police Department ("NPD").  In a Complaint filed on April 18, 2008, Plaintiff alleged that his arrest was unlawful and that he was wrongfully detained for a period of roughly 28 hours, during

which time he was subjected to unnecessary restraints and verbal abuse.  The Court construed those allegations as a claim under 42 U.S.C. § 1983 against the City of Newark ("the City"), the municipal entity responsible for overseeing the NPD and its employees.

The City now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  In doing so, it contends that Mr. Thompson's arrest did not violate his civil rights because it was made pursuant to a valid warrant.  Even if Mr. Thompson's rights were violated, the City argues that his claims must be dismissed because (1) he did not file the required notice in support of his state claims, (2) there is no evidence linking the alleged wrongdoing on the part of the NPD officers who arrested and detained him to a policy or custom promulgated by the City, and (3) he suffered no damages.

For the reasons set forth below, the City's Motion for Summary Judgment will be granted and Mr. Thompson's claims will be dismissed.  It is undisputed that Mr. Thompson's arrest was authorized by a valid warrant based on his failure to appear at an earlier court hearing.  Therefore, that arrest did not violate his rights and cannot form the basis for his § 1983 claims.  Nor are his other allegations – that he was (1) subjected to unnecessary restraints and (2) verbally abused – sufficient to sustain those claims.  There is no evidence in the record that Mr. Thompson was physically restrained in an unlawful manner either during his arrest or subsequent detention.  Rather, his claim that he was subjected to "unnecessary restraints" appears to be duplicative of his other allegations – namely, that he was wrongly arrested and detained.  While Mr. Thompson does assert that the arresting officer made various intemperate statements, he has presented no evidence that those remarks were made pursuant to a policy or custom promulgated by the City.  Therefore, the City cannot be held vicariously liable for the statements made by the

officer during Mr. Thompson's arrest, and his § 1983 claims based on those statements must be dismissed.

## I.  BACKGROUND

Mr. Thompson was issued a summons for making an illegal U-turn on December 8, 2006. At a hearing held on January 30, 2007 in the Newark Municipal Court, he pled guilty to the lesser charge of careless driving.  The Municipal Court imposed a fine of $408, which Mr. Thompson was required to pay immediately.  Instead, Mr. Thompson left.  On learning of his departure, the Municipal Court issued a warrant for Mr. Thompson's arrest.

Four months later, on May 29, 2007, a member of the NPD observed Mr. Thompson pulling on the door handles and peering into the windows of cars parked on Ferry Street in Newark.[1]  The officer approached Mr. Thompson and asked him for identification, which he promptly provided.  The officer relayed Mr. Thompson's identity to a local police precinct, which, after checking its records, informed him that there were two outstanding warrants for Mr. Thompson's arrest, including the one issued by the Newark Municipal Court.  On learning that there was a pending warrant for his arrest, the officer took Mr. Thompson into custody and transported him to a local police station, where he was detained for approximately 28 hours.

---

[1] In a letter to the Court dated January 8, 2010, Mr. Thompson disputed that charge, stating, "I never was peering in car windows and pulling on door handles … I'm not the man." That assertion, even if true, goes only to the question of whether the officer had reasonable suspicion to conduct the stop in which he learned of Mr. Thompson's identity.  Mr. Thompson was not arrested for attempted theft.  To the contrary, he was taken into custody pursuant to a warrant issued by the Newark Municipal Court after he failed to pay the fine imposed at his January 30, 2007 hearing.  In light of the undisputed fact that there was a pending warrant for his arrest, the officer would have been justified in arresting him as soon as his identity could be verified, regardless of whether he appeared to be presently engaged in illegal activity.  Therefore, the veracity of the officer's justification for the initial stop is irrelevant, and the dispute between the parties over whether Mr. Thompson was pulling on the handles of parked cars and peering into their windows has no bearing on today's ruling.

3

Mr. Thompson filed a Complaint on September 28, 2007 in which he named the NPD as the sole Defendant. That Complaint, in its entirety, stated as follows:

> I, William R. Thompson, do hereby file a complaint on the Newark Police from 5-29-07 to 5-30-07 when they wrongfully detained me for <u>no</u> justified reason. They said I was arrested July 17, 1998 when I was not being arrested at all.
>
> 5-27-07, Tue.
>
> I was at the FBI in Newark for about a half-hour then to the 3rd precinct for about 2.5 hours then to 31 Green St. for 24 hours. Discharged 5-30-07, Wed.
>
> – Verbal Abuse –
>
> [T]ook place from a Newark Officer on 5-30-07 in this way –
>
>> "You do exactly what I say and I don't want to hear this 'Mother-----.'"
>>
>> "You are pissing me off."
>
> This verbal abuse took place from the Newark Officer on 5-30-08 [and] was totally uncalled for and I was <u>not</u> verbally abusing him or any other Newark Officers at 31 Green St. in jail downstairs.

In keeping with its obligation to liberally construe pro se pleadings, see <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), the Court took Mr. Thompson's allegations as a claim under 42 U.S.C. § 1983 that his constitutional rights were violated by a municipal entity – the NPD – acting under color of state law. Moreover, because the NPD is an instrumentality of the City rather than an independent entity that can be sued in its own right, the Court construed his claims as being asserted against the City itself.

After Mr. Thompson failed to serve his Complaint on the City within 120 days, the Court dismissed his suit without prejudice pursuant to Federal Rule of Civil Procedure 4(m). On April 18, 2008 he filed a new version of the Complaint, in which he again named only the NPD as the sole Defendant and asserted claims based on the same alleged violations of his rights. Specifically, Mr. Thompson stated in his second Complaint that:

> I, William R. Thompson, do hereby re-file my complaint on the Newark Police for –
> 
> > (a) False Arrest
> > 
> > (b) Wrongfully detained
> > 
> > (c) Unnecessary restraints
> > 
> > (d) and verbal abuse on 5/30/07 before I was discharged from [the NPD station at] 31 Green St.
> 
> From 5-29-07 to 5-30-07 about 28 hours of duress!!
> 
> The Newark officer at 31 Green St. verbally abused me on 5-30-07 before I was discharged from 31 Green St.
> 
> > (a) "You do exactly what I say."
> > 
> > (b) "I don't want to hear any of your 'Mother------.'"
> > 
> > (c) "You're pissing me off."

Shortly after being served with Mr. Thompson's second Complaint, the City filed a Motion for a More Definite Statement of his claims pursuant to Federal Rule of Civil Procedure 12(e). The Court denied that Motion on February 27, 2009, and ordered that the City file a responsive pleading. The City complied by submitting an Answer on March 20th of that year, and the case proceeded to discovery.

## II.  DISCUSSION

The City now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. In doing so, it asserts four main arguments. First, the City claims that Mr. Thompson's arrest did not violate his constitutional rights because it was made pursuant to a valid warrant. To the extent that Mr. Thompson asserts state law claims under the New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1, et seq., the City argues that such claims are barred because he did not file a Notice of Claim within 90 days of his arrest and detention as required by that statute. To

the extent that Mr. Thompson asserts federal civil rights claims under 42 U.S.C. § 1983, the City contends that it cannot be held vicariously liable for the alleged violations committed by the NPD officers who arrested and detained Mr. Thompson because there is no evidence that those violations were committed pursuant to a policy or custom promulgated by the City.  Finally, the City notes that Mr. Thompson admitted during his deposition that he suffered no damages as a result of his arrest and detention.

Mr. Thompson submitted no opposition to the pending Motion for Summary Judgment. Therefore, the Court must accept the City's factual assertions, L. Civ. R. 56.1(a), and determine whether the evidence provided by Mr. Thompson – which is limited to the allegations in his Complaint and subsequent filings – is sufficient to sustain his claims.  In doing so, it must apply the standard of review applicable to requests for summary judgment pursuant to Federal Rule of Civil Procedure 56.

**A.  Standard of Review**

Summary judgment is proper where "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law."  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party does not bear the burden of proof at trial, the moving party may discharge its

burden by showing that there is an absence of evidence to support the non-moving party's case. Id. at 325.  If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine fact issue exists and a trial is necessary.  Id. at 324.  In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).  The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If there are no issues that require a trial, then judgment as a matter of law is appropriate.  Id. at 251-52.

**B. Mr. Thompson's Claims**

Under that standard, Mr. Thompson's claims must fail.  Construed broadly, Mr. Thompson's Complaint asserts four alleged violations on the part of NPD officers:  (1) his initial arrest, (2) his 28-hour detention, (3) the use of "unnecessary restraints" during that arrest and detention, and (4) verbal abuse by an NPD officer.  None of those purported instances of wrongdoing gives rise to a cognizable claim under either federal or state law.

The first action – Mr. Thompson's arrest – was clearly lawful.  As discussed above, the Newark Municipal Court issued a warrant for Mr. Thompson's arrest on January 30, 2007.  The NPD officer who arrested Mr. Thompson was perfectly justified in acting on that warrant.

Nor is there any evidence that the second action – Mr. Thompson's 28-hour detention – was unlawful.  As discussed above, Mr. Thompson was taken into custody pursuant to a warrant

issued after he failed to pay a fine ordered by the Newark Municipal Court.  Mr. Thompson has not submitted evidence that he was detained for longer than it took him to obtain the funds to pay the fine ordered by the Municipal Court.  In fact, he has submitted no evidence whatsoever relating to the length of his detention.  In the absence of such evidence, there is no evidentiary basis on which a jury could find that Mr. Thompson's rights were violated by the duration of his detention.  See Kaucher, 455 F.3d at 423.  Therefore, the Court must grant summary judgment on his claim that the City violated his rights by detaining him for 28 hours.

    Mr. Thompson's third claim – that the NPD officers who arrested and detained him used "unnecessary restraints" – is similarly unavailing.  Other than being handcuffed at the time of his arrest, Mr. Thompson has not produced evidence that he was restrained in any way.  While he may have found being handcuffed unpleasant, it is well-established that the use of handcuffs by police during an arrest does not violate the arrestee's constitutional rights.  See Atwater v. City of Lago Vista, 532 U.S. 318, 354-355 (2001) (holding that police did not violate a detainee's rights by forcing her to undergo a "normal custodial arrest," which included the use of handcuffs).

    Finally, Mr. Thompson's allegation that he was verbally abused by a police officer while detained is insufficient to sustain his claims against the City.  Even if the statements to which Mr. Thompson was subjected rose to the level necessary to constitute a violation of his rights – a dubious proposition – he has submitted no evidence that they were made pursuant to a policy or custom promulgated by the City.  In the absence of such evidence, the City cannot be held vicariously liable under § 1983 for the statements of one of its employees.  Chambers ex rel. Chambers v. Philadelphia Bd. of Ed., 587 F.3d 176, 193 (3d Cir. 2009) ("[I]n order for a governmental entity (generically referred to as a 'municipality') to be liable for the violation of a

constitutional right under § 1983, the plaintiff must identify a policy or custom of the entity that caused the constitutional violation.") (quotations omitted). Nor can Mr. Thompson maintain his vicarious liability claims against the City under the auspices of the NJTCA, as he failed to file the Notice of Claim required by that statute. See N.J. Stat. Ann. § 59:8-8 (stating that claims against a municipality are "forever barred" if the plaintiff fails to file such a Notice within 90 days of the date on which the claim accrued).

### III.  CONCLUSION

For the reasons set forth above, the City's Motion for Summary Judgment is granted and Mr. Thompson's claims are dismissed, in their entirety, with prejudice.

The Court will enter an Order implementing this Opinion.

      s/ Dickinson R. Debevoise_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:  June 22, 2010